UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES J. JENKINS                                             CIVIL ACTION NO.
                                                                04- 517

VERSUS

JOHN E. POTTER, POSTMASTER                                      SECTION M
GENERAL, U.S. POSTAL SERVICE

## ORDER

Before the Court is Defendant's Motion to Dismiss and /or Alternatively for Summary Judgment, which is opposed by the Plaintiff and which came for hearing on August 3, 2005, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court Grants the Motion.

I

Plaintiff Charles Jenkins, a former postal carrier/distribution clerk who is on the federal workmen's compensation "periodic rolls," filed this complaint alleging that he was discriminated against his employer, the United States Postal Service(Postal Service),who sent two contract Home Visitation (HV) Specialists to his residence to determine his capacity and availability to return to work.

Jenkins began his employment with the Postal Service in 1972 as a mail carrier. After a series of claims for on-the-job injuries to his knees and lower back, he was brought back on duty as a clerk. In 1987 Jenkins submitted a claim for job related aggravation of a pre-existing mental condition. He was awarded compensation. Because he had the requisite number of service years, Jenkins was eligible for medical disability retirement; however, he elected injury compensation benefits. This election resulted in larger monthly benefits as well as his staying on the "periodic rolls" of the Postal Service, making him entitled to re-employment should he recover from his work-

related injuries. Since January of 1991, Jenkins has received benefits without disruption.

One condition of receiving these benefits is that the recipient agrees to have his physicians provide updates on his medical condition to determine their capacity to return to work. As well, the Postal Service maintains a Home Visitation (HV) Program whose purpose is to reduce the number of employees on the "periodic rolls" by visiting these employees at their homes to determine if they were able to return to work. HV Specialists, most of whom have professional law enforcement experience, are provided with a list of the District's employees who are on the "periodic rolls." The list provides the claimant's name, case number, social security number and a status code indicating whether they have potential to return to duty. The list does not indicate the race of the claimants.

On January 27, 1998, HV Specialists Clifford Pack and John Washington chose two or three persons to visit on their list, one of whom was Jenkins. The HV Specialists identified themselves and the purpose of their visit to Jenkins, inquiring whether he would be willing to talk with them. Jenkins did not allow the Specialists into his home but spoke with them briefly at the front door. Jenkins indicated that he did not wish to discuss anything with them, at which point they gave him a leaflet about the HV Program and left his residence. Specialists Pack and Washington made no further attempts to contact Jenkins or visit him at his home.

As a result of this visit, Jenkins brought an action with the Equal Employment Opportunity Commission (EEOC), alleging that he was discriminated against on the bases of race, disability, and retaliation. The EEOC Administrative Judge issued a decision, without a hearing, finding in favor of the Postal Service, which was affirmed on

appeal.

On October 30, 2003, Jenkins filed a Complaint in this Court asserting that the Postal Service violated the Rehabilitation Act, 29 U.S.C. §794(a), by using retired law enforcement officers to interview employees and that the Agency discriminated in the manner that they selected plaintiff for a home visit.[1]

II

Upon review of this record the Court finds that Jenkins has not brought sufficient evidence of either race, disability or retaliation discrimination. Nor has he provided any evidence upon which a reasonable finder of fact can conclude that the Postal Service's HV Program was used as a mechanism for racially harassing disabled workers.

**Accordingly**, Defendants Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 10th day of August, 2005.

Peter Beer
United States District Judge

---

[1] Plaintiff's Opposition to Defendant's Motion only disputes the legality of the HV Program and alleges that the Program was administered in a discriminatory manner.

3